IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS FLANNIGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | |
| OAK CLIFF BIBLE FELLOWSHIP | § | |
| Defendant | § | |
| | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Dennis Flannigan, files this *Original Complaint and Jury Demand* against his former employer, Defendant Oak Cliff Bible Fellowship ("OCBF") (in its assumed or common name) and demands a trial by jury.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Dallas County, Texas.

2. Oak Cliff Bible Fellowship ("OCBF") is a Texas non-profit corporation operating at the location of 1808 West Camp Wisdom Road Dallas, Texas 75232. OCBF can be served by serving OCBF's Registered Agent, Anthony T. Evans at the location of 1808 W. Camp Wisdom Road, Dallas, Texas 75232.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper as the events giving rise to this Complaint occurred in the Northern District of Texas, Dallas Division.

5. On approximately March 14, 2016, Flannigan filed a Charge of Discrimination with the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") and the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation. The EEOC issued a notice of right –to-sue on September 26, 2018. This action is being commenced within the required time limits.

## FACTS

6. Mr. Flannigan began his employment with OCBF in February of 2011 as the Director of Accounting.

7. In fall of 2015, the Food Services Cafeteria Chief complained to Mr. Flannigan that Mr. Flannigan's direct supervisor (the Executive Director of Administration) was sexually harassing her.

8. After receiving the employee's complaints, Mr. Flannigan conducted an investigation. The investigation results substantiated the employee's claims.

9. In late December 2015, Mr. Flannigan disclosed his investigation's finding to Dr. Tony Evans (Senior Pastor). He also provided a physical copy of his investigatory report to Rev. Bobby Gibson (Associate Pastor)

10. On approximately January 12, 2016, Mr. Flannigan met with Dr. Evans to discuss his investigation's findings. Mr. Flannigan also provided Dr. Evans with a copy of his investigation report.

11. Shortly thereafter, Mr. Flannigan learned that Dr. Evans had retained a parishioner, who also happened to be an attorney, to conduct an audit of Mr. Flannigan's investigation. Mr. Flannigan was interviewed as part of this investigation

on approximately January 29, 2016. Mr. Flannigan reiterated his investigation's findings and confirmed that he had substantiated the employee's sexual harassment complaints.

12. On March 4, 2016, Mr. Flannigan learned that the sexual harasser was not terminated, but instead had been permitted to resign from his employment.

13. On approximately March 7, 2016, Mr. Flannigan's employment was terminated. Gregory Smith and Connie Williams, Human Resources, were present at Mr. Flannigan's termination meeting. At the termination meeting, Mr. Smith told Mr. Flannigan he was being terminated because, according to Mr. Flannigan's supervisor (the same individual that had been investigated by Mr. Flannigan in connection with the sexual harassment allegation), Mr. Flannigan was on a month-to-month contract, and his services were no longer needed.

14. This purported reason for termination was false – Mr. Flannigan was not on a month-to-month contract, and his services were still needed by the church. Defendant's explanation for terminating Mr. Flannigan's employment was mere pretext for an unlawful retaliatory motive.

### COUNT 1:  UNLAWFUL RETALIATION
*(Violation of 42 USC §2000e, et seq.)*

15. The paragraphs above are incorporated as if set forth fully in this section.

16. Defendant employs at least fifteen (15) employees.

17. Defendant, by and through and its individual employees and agents, took tangible employment actions against Plaintiff (i.e., terminated his employment) because he opposed behaviors that he reasonably believed to be unlawful (i.e., because he participated in a sexual harassment investigation and complained that his supervisor had sexually harassed his subordinate employee).

18. Defendant's actions were taken with malice and with reckless indifference to Plaintiff's federal and state-protected rights.

19. Plaintiff seeks damages for back pay (lost wages and benefits) and front pay (lost benefits), as well as compensatory and punitive damages. Plaintiff also seeks to recover his attorneys' fees, costs of court, pre and post judgment interest, and all other relief to which he may be entitled.

## JURY TRIAL DEMANDED

20. Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Dennis Flannigan prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages, equal to the amount of past and future lost earnings and benefits;

(2) Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(3) Punitive damages in an amount to be determined by the trier of fact;

(4) Pre-judgment and Post-judgment interest at the maximum legal rate;

(5) All costs of court;

(6) Attorneys' fees and expert fees; and

(7) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

TREMAIN ARTAZA PLC

/s/ *Carmen Artaza*_____
**Carmen Artaza**
Texas State Bar No. 24055114
carmen@tremainartaza.com
Ashley Tremain
Texas State Bar No.24066209
Ashley@tremainartaza.com

13140 Coit Road, Ste. 104
Dallas, Texas 75240
Direct: (469) 573-0089
Fax: (214) 254-4941

**ATTORNEYS FOR PLAINTIFF**